UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **OCEANOGRAFIA S.A. de C.V.** | * | **CIVIL ACTION NO. 10-174** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **MCDERMOTT GULF OPERATING** | * | |
| **COMPANY, INC. and SECUNDA** | * | **MAGISTRATE** |
| **MARINE SERVICES, INC.** | * | |

## VERIFIED COMPLAINT

COMES NOW, through undersigned counsel, plaintiff, Oceanografia S.A. de C.V. ("OSA"), and, for its Verified Complaint against defendants, McDermott Gulf Operating Company, Inc. and Secunda Marine Services, Inc., avers as follows:

I.

Plaintiff, Oceanografia, S.A. de C.V. ("OSA"), is a corporation organized and existing under the laws of Mexico, which maintains its principal place of business in Ciudad del Carmen, Mexico.

II.

Defendant, McDermott Gulf Operating Company, Inc. ("McDermott"), is, upon information and belief, a corporation organized and existing under the laws of the State of Texas, which maintains its principal place of business at 757 N. Eldridge Pkwy, Houston, Texas, 77079, and which owns the vessel BOLD ENDURANCE.

1

III.

Upon information and belief, defendant, Secunda Marine Services, Inc., is a corporation organized and existing under the laws of the country of Canada with its principal place of business at One Canal Street, Dartmouth, Nova Scotia, Canada B2y 2W1.

IV.

The jurisdiction of this Honorable Court is based on 28 U.S.C. 1333; the claim is one pursuant to the admiralty and general maritime laws of the United States within the meaning of Rule 9(h) of the Supplemental Rules for Admiralty or Maritime Claims.

V.

Before and during March 2009, a valuable saturation-diving system and related components (globally, the "Equipment") belonging to OSA was aboard the vessel BOLD ENDURANCE, while the vessel was operating in the Mexican waters of the Gulf of Mexico. At all material times, the vessel was, on information and belief, owned by McDermott and managed by Secunda.

VI.

In or about March 2009, McDermott suspended the operations of the BOLD ENDURANCE in Mexico based upon its contention that it was owed overdue charter hire. The vessel had been operating in Mexico under a time-charter contract between defendants and Con-Dive, LLC.

VII.

Upon the cessation of operations, OSA sought to remove its Equipment from the BOLD ENDURANCE, but defendants refused OSA's requests. In light of defendants' refusal to allow OSA to remove its Equipment from the vessel, OSA filed a criminal complaint against McDermott with the Attorney General for the state of Campeche, Mexico.

VIII.

In the course of investigating the criminal complaint, law-enforcement authorities in Mexico boarded the BOLD ENDURANCE and issued an order seizing the Equipment for return to shore pending resolution of OSA's criminal complaint. After a small portion of the Equipment had been transferred to an adjacent vessel for return to shore under the Mexican district attorney's order, however, defendants interfered in the proceedings and prevented the seizure order from being executed. Defendants did this in part by manipulating the vessel's ballast so that crane operations could no longer be safely undertaken.

IX.

In leaving the vessel, the Mexican district attorney noted in his contemporaneously-prepared report (sometimes called a "diligencia ministerial") that defendants were committing the crimes of "disobedience and resistance in the particulars." He further directed the defendants' representatives to appear ashore to sign the district attorney's report, memorializing the official proceedings aboard the vessel, including the seizure order.

X.

Subsequently, after disregarding the district attorney's instruction to appear and without challenging the seizure order by any lawful means, defendants sailed the BOLD ENDURANCE from Mexico with the Equipment still aboard.  Defendants did so in blatant violation of the extant seizure order of the Mexican authorities.  In unlawfully fleeing Mexico with the Equipment, defendants also failed to declare the Equipment to the Mexican customs' authorities. And they took the Equipment out of Mexico despite having no legal right to maintain possession of the Equipment against the will of its owner, OSA.

XI.

After stealing away from Mexico with the Equipment, defendants sailed the BOLD ENDURANCE to the port of Mobile, Alabama.

XII.

On or about April 13, 2009, upon the vessel's arrival at Mobile,  McDermott filed a Verified Complaint, requesting, among other things, that the Equipment be attached and arrested under Rules B and C of the Supplemental Rules (to the Federal Rules of Civil Procedure) for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Defendants' filing commenced the civil action on this Court's docket bearing civil action number 09-206 and captioned, "McDermott Gulf Operating Co, Inc. and Secunda Marine Services v. Con-Dive, LLC *et al.*"

XIII.

In seeking *ex parte* orders for the attachment and arrest of the Equipment, defendants failed to advise this Court that the Equipment was already under seizure by Mexican law-enforcement authorities.

XIV.

In requesting that the equipment be arrested, defendants represented to the Court that they had a maritime lien over the Equipment. That contention was false and lacked any good-faith legal basis.

XV.

OSA filed a motion to vacate the arrest and attachment of its Equipment in the related Civil Action No. 09-206. After a hearing and extensive briefing by the parties, the Court, by Order of May 29, 2009, granted OSA's motion and vacated both the arrest and attachment. In so ruling, this Court found that defendants had no legal basis for asserting that they enjoyed a maritime lien over the Equipment, compelling a vacatur of the arrest. The Court also found that the attachment was subject to vacatur, given the defendants' intentional disobedience of the lawful seizure order of the authorities in Mexico; their failure to pursue remedies available to them in Mexico; and other acts and omissions of misconduct by the defendants (McDermott and Secunda) in that related case. See *McDermott Gulf Operating Co, Inc. and Secunda Marine Services v. Con-Dive, LLC et al*, 2009 WL 1537871 (S.D. Ala. 5/29/09)(Steele, J.).

XVI.

Under the circumstances, there is simply no question but that defendants' arrest and attachment of the Equipment were committed maliciously and in bad faith and in reckless disregard of OSA's legal rights. Defendants accordingly committed the torts of wrongful arrest, wrongful attachment and conversion and are liable for all resulting damages sustained by OSA.

XVII.

As a consequence of the defendants' wrongful arrest and attachment and conversion of its Equipment, OSA has suffered substantial damages. These damages consist of, among other things, the loss of revenues that OSA would have earned but for the defendants' misconduct in an amount presently estimated as being in excess of $10 million; physical damage incurred to the Equipment; punitive damages; and attorney's fees, interest and costs.

WHEREFORE, the premises considered, OSA respectfully prays that:

1. This Verified Complaint be served upon defendants, along with a summons directing them to answer the allegations set forth herein;

2. That, after due proceedings, there be judgment entered in favor of OSA and against defendants, awarding OSA is full damages, plus punitive damages, its reasonable attorney's fees, interest and costs; and

3. That OSA be granted such other relief as it is entitled to receive in law or equity.

Respectfully submitted,

　/s/　Alfred J. Rufty III
Alfred J. Rufty, III   (La. Bar #19990)
Harris & Rufty, LLC
650 Poydras Street, #2710
New Orleans, LA 70130
Telephone:  (504) 525-7500
Facsimile:  (504) 525-7222
ajr@harrisrufty.com


　/s/　 Joe E. Basenberg
Joe E. Basenberg (BASEJ5373)
Patrick J. R. Ward (WARDP3274)
Hand Arendall LLC
P. O. Box 123
Mobile, AL 36601
Telephone:  (251) 432-5511
Facsimile: (251) 544-1682
jbasenberg@handarendall.com
pward@handarendall.com

Attorneys for Oceanografia
Sociedad Anonima de Capital Variable


**PLEASE SERVE:**

McDERMOTT GULF OPERATING COMPANY, INC.
SECUNDA MARINE SERVICES, INC.
**PLEASE WITHHOLD SERVICE UNTIL FURTHER NOTICE**